## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 1:14-CR-00070-9** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **ANTHONY SISTRUNK,** | : | |
| **Defendant** | : | **Electronically Filed** |

### UNITED STATES' BRIEF IN OPPOSITION DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(2) BASED ON AMENDMENT 821 TO THE SENTENCING GUIDELINES

The Defendant, Anthony Sistrunk, is ineligible for relief based on Amendment 821 to the Sentencing Guidelines because the retroactive changes in the Guidelines do not change his sentencing range.

## I.    PROCEDURAL BACKGROUND

The Defendant was convicted of racketeering conspiracy, drug trafficking conspiracy and drug trafficking. A presentence investigation was conducted which found that the Defendant had a subtotal of four criminal history points for prior offenses, PSR ¶268, and that two-criminal history points applied because the Defendant committed the instant offenses while on supervision, PSR ¶269. With six criminal history points, the Defendant was classified as a Criminal History Category III offender. PSR ¶270. At his sentencing hearing, he was found to be an offense level of 42 and a guideline range of 360 months to life in prison. Doc. 1429. He was sentenced by the Court to 360 months in prison. Doc. 1428.

On March 26, 2024, Defendant filed a pro se Motion for Release Under 18 U.S.C. § 3582(C)(2) Based on Amendment 821 to the Guidelines Manual. Doc. 1875. The Defendant claims he is eligible for relief because Amendment 821 is retroactively applicable and his status points no longer apply to his criminal history calculation. *Id*. The Federal Public Defender's Office was appointed to review his motion. On April 18, 2024, Attorney Ronald Krauss, filed a Motion to Withdraw as Counsel in Proceedings Related to Amendment 821 of the Guidelines Manual, indicating that the Defendant is not eligible for relief. Doc. 1879. On April 18, 2024, this Court entered an Order granting Attorney Krauss's Motion to Withdraw as Counsel for the Defendant and directed the Government to respond to the Defendant's pro se motion, which the government does herein. Doc. 1880.

## II.    DISCUSSION

Under 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing

Commission through Section 1B1.10 of the Guidelines identifies the amendments which may be applied retroactively pursuant to this authority. Through this process the Sentencing Commission identified Amendment 821, including Part A of that amendment, as retroactively applicable.

Amendment 821 to the Sentencing Guidelines alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence; or (b) presented zero criminal history points at the time of sentencing. Inmates may present motions under 18 U.S.C. § 3582(c)(2) seeking a reduction in sentence based on the new guideline provisions. Pertinent to the Defendant's request for relief is Part A of Amendment 821.

Part A changes how "status points" are calculated. Under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 alters section 4A1.1 to: (1) eliminate such status points for any defendant who

otherwise has six or fewer criminal history points; and (2) apply one

point, instead of two, for defendants who otherwise present seven or

more criminal history points.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court

addressed the process Courts should follow when applying retroactive

guideline amendment, emphasizing that Section 1B1.10 is binding. The

Court declared: "Any reduction must be consistent with applicable

policy statements issued by the Sentencing Commission." *Id*. at 821.

The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the
> Commission's instructions in §1B1.10 to determine the
> prisoner's eligibility for a sentence modification and the
> extent of the reduction authorized. Specifically,
> §1B1.10(b)(1) requires the court to begin by "determin[ing]
> the amended guideline range that would have been
> applicable to the defendant" had the relevant amendment
> been in effect at the time of the initial sentencing. "In
> making such determination, the court shall substitute only
> the amendments listed in subsection (c) for the
> corresponding guideline provisions that were applied when
> the defendant was sentenced and shall leave all other
> guideline application decisions unaffected." Ibid.

> Consistent with the limited nature of § 3582(c)(2)
> proceedings, §1B1.10(b)(2) also confines the extent of the
> reduction authorized. Courts generally may "not reduce the
> defendant's term of imprisonment under 18 U.S.C. §
> 3582(c)(2) . . . to a term that is less than the minimum of the

amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

At step one, a court is required to calculate the impact of Amendment 821 on an inmate's sentencing guideline range. Doing so to the Defendant results in no change in the guideline range. More specifically, at his originally sentencing the Defendant received two criminal history status points because he committed the instant offense while on supervision. Under Amendment 821, he receives no status points. However, with four criminal history points he is still a Criminal History Category III offender. In other words, the Defendant's sentencing guideline range is unchanged by Amendment 821.    In fact, regardless of criminal history category, any offender with an offense level of 42 has a guideline range of 360 month to life in prison. U.S.S.G. Chap. 5, Part A.

Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." That is the situation here, and therefore the Defendant is ineligible for relief. The motion should be denied.

## III.   CONCLUSION

The Court should deny the Defendant's motion for relief.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

Dated: June 3, 2024

/s/ Michael A. Consiglio
Assistant U.S. Attorney
PA 76103
Sylvia H. Rambo U.S. Courthouse
1501 N. 6th Street, Box 202
Harrisburg, PA  17102
Tel:  (717) 221-4482
Fax: (717) 221-4493
Michael.consiglio@usdoj.gov

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 1:14-CR-00070-9** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **ANTHONY SISTRUNK,** | : | |
| **Defendant** | : | **Electronically Filed** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 3rd day of June 2024, she served a true and correct copy of the foregoing:

## UNITED STATES' BRIEF IN OPPOSITION DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(2) BASED ON AMENDMENT 821 TO THE SENTENCING GUIDELINES

by first class mail, to the following individual, addressed as follows:

Anthony Sistrunk – 72326-067
USP Atwater
U.S. Penitentiary
P.O. Box 019001
Atwater, CA 95301

/s/ *Samantha Deibert*
Samantha Deibert
Supervisory Legal Assistant